DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
JESSE A. RANSOM, ESQ.
Nevada Bar No. 13565
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: darren.brenner@akerman.com
Email: jesse.ransom@akerman.com

*Attorneys for Defendants Attorneys for Bank of America, N.A., Countrywide Servicing Corp, Bank of America Corporation, BAC Home Loans Servicing, Recontrust Company N.A., Fannie Mae, Fannie Mae as Trustee for Securitized Trust, Fannie Mae Remic Pass-Through Certificates 2006-123 Trust*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA GIAMPA,<br><br>**Plaintiff,**<br><br>vs.<br><br>MIDFIRST BANK; FANNIE MAE; FANNIE MAE AS TRUSTEE FOR SECURITIZED TRUST, FANNIE MAE REMIC PASS-THROUGH CERTIFICATES 2006-123 TRUST; BANK OF AMERICA, N.A., COUNTRYWIDE SERVICING CORP, BANK OF AMERICA CORPORATION, BAC HOME LOANS SERVICING, RECONTRUST COMPANY N.A.,<br><br>**Defendant.** | Case No.:   2:17-cv-01208-MMD-CWH<br><br>**DEFENDANTS BANK OF AMERICA, N.A., COUNTRYWIDE SERVICING CORP, BANK OF AMERICA CORPORATION, BAC HOME LOANS SERVICING, RECONTRUST COMPANY N.A.; FANNIE MAE, FANNIE MAE AS TRUSTEE FOR SECURITIZED TRUST, FANNIE MAE REMIC PASS-THROUGH CERTIFICATES 2006-123 TRUST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

. . .

. . .

. . .

. . .

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Defendants Bank of America, N.A. for itself and as successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, LP, (**BANA**) Countrywide Servicing Corp[1], Bank of America Corporation[2], Recontrust Company N.A. (**ReconTrust**)*,* Fannie Mae, and Fannie Mae as Trustee for Securitized Trust, Fannie Mae Remic Pass-Through Certificates 2006-123 (**Fannie Mae**)[3] (**Defendants**) move to dismiss Plaintiff Victoria Giampa's (**Plaintiff**) Complaint with prejudice.

## **MEMORANDUM OF POINTS OF AUTHORITIES**

### I.  INTRODUCTION

Plaintiff filed a seventy-four page, fifteen-count Complaint on April 28, 2017. The majority of her allegations appear to be culled from form complaints addressing a range of issues that do not impact her loan. Throughout the Complaint, Plaintiff lumps the myriad named defendants together and conclusively alleges that they have engaged in a widespread conspiracy to defraud her. Many of those claims – and virtually all of them as they relate to BANA and Fannie Mae – involve allegations of wrongdoing 8-10 years old that are time-barred. The entire Complaint does not comply with NRCP Rule 8 and should be dismissed. Moreover, Plaintiff fails to allege the requisite elements of her claims as required and the Complaint should be dismissed under Rule 12(b)(6).

…

…

…

…

…

…

…

---

[1] Plaintiff erroneously named Defendant, Countrywide Servicing Corp as this entity does not exist. It appears she meant to name Countrywide Home Loan Servicing, LP, which was changed to BAC Home Loan Servicing and merged de jure to Bank of America, N.A as of July 1, 2011. Defendant will respond as Bank of America, N.A.

[2] Bank of America Corporation does originate or service loans and is not a proper defendant to this action.

[3] The loan at issue is not securitized. Fannie Mae as Trustee for Securitized Trust, Fannie Mae Remic Pass-Through Certificates 2006-123 is not a proper defendant to this action.

2

## II.  STATEMENT OF FACTS

On November 6, 2008, Victoria Giampa, entered into a Deed of Trust with MidFirst Bank in the amount of Three Hundred Fifty Eight Thousand and Five Hundred Dollars and 00/100 ($358,500.00) and recorded with the Clark County Recorder's Office on November 20, 2006 (**Deed of Trust**). **Exhibit A**. On January 18, 2007, the Deed of Trust was assigned from MidFirst Bank to Mortgage Electronic Registration Systems, Inc ("MERS") and recorded with the Clark County Recorder's Office. **Exhibit B**. On December 29, 2010, MERS assigned the Deed of Trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. **Exhibit C.** On April 26, 2013 MERS inadvertently assigned the Deed of Trust to Green Tree Servicing LLC[4] – this assignment was ineffective. On July 31, 2015, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP assigned the Deed of Trust to Green Tree Servicing LLC. **Exhibit D.** On December 4, 2015, National Default Servicing Corporation as Trustee for Green Tree Servicing LLC filed a Notice of Default and Election to Sell Under Deed of Trust. **Exhibit E.** On August 31, 2016, a Notice of Rescission was filed by National Default Servicing Corporation as Trustee for Green Tree Servicing LLC. **Exhibit F.** On March 1, 2017, National Default Servicing Corporation as Trustee for Green Tree Servicing LLC filed a second Notice of Default and Election to Sell Under Deed of Trust and the required supporting Affidavit. **Exhibit G.** On June 6, 2017, National Default Servicing Corporation as Trustee for Green Tree Servicing LLC filed a Notice of Trustee Sale to be held June 30, 2017. **Exhibit H.**

…

…

…

…

…

…

…

---

[4] Green Tree Servicing LLC is now Ditech.

### III. LEGAL STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). According to the United States Supreme Court in *Iqbal*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Plaintiffs also must specify which Defendants engaged in the complained-of acts. *See West v. Bank of America, N.A.,* No. 2:10-CV-1966 JCM GWF, 2011 WL 2491295, at *2 (D. Nev. June 22, 2011) ("[R]ule 8 prohibits lumping all defendants together in a complaint without distinguishing between them or specifying which defendant is targeted by which allegation."); *Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (dismissing wrongful foreclosure suit that "fail[ed] to distinguish adequately claims and alleged wrongs among defendants and others").

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) of the Federal rules of Civil Procedure "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 549 (2007)). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

…

…

…

…

…

…

4

## IV. PLAINTIFF'S COMPLAINT VIOLATES RULE 8

Plaintiff's complaint is so difficult to parse that it fails to provide a short and plain statement as to any of Plaintiff's claims against the Defendants. A claim for relief must contain more than labels and conclusions. *Twombly*, 550 U.S. at 555. After setting forth a laundry list of alleged wrongdoing, Plaintiff then proceeds to conclusively lump all of the "Defendants" together as responsible for each other's actions, making it difficult, if not impossible, to determine which claims are being asserted against which Defendants. Throughout the Complaint, Plaintiff lumps the myriad named defendants together and conclusively alleges that they have engaged in a widespread conspiracy to defraud her. These same deficiencies apply to each of Plaintiff's claims. Plaintiff's Complaint fails to place Defendants on notice of the claims against them, and the Court should dismiss Plaintiff's Complaint for failure to follow Rule 8.

## V. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

As an initial matter, Plaintiff does not appear to dispute that the she is in default on her loan obligations. Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate).

…

…

…

…

…

…

…

…

Moreover, Plaintiff's conclusory allegations that the defendants defrauded her and that documents recorded in the public record were forged does not establish a strong likelihood of success on the merits. Plaintiff offers no factual allegations to support her fraud claims or to explain the alleged circumstances surrounding the "forged" documents or defects in chain of title. To the contrary, Plaintiff admits that Fannie Mae owns the Note. As set out in more detail above, documents recorded in the public record establish that Ditech, the record beneficiary of the Deed of Trust on behalf of Fannie Mae, through its trustee, recorded a valid Notice of Default and Election to Sell and supporting Affidavit, and a valid Notice of Sale. Plaintiff's conclusory allegations that these documents – or other recorded documents earlier in chain of title – are fraudulent does not establish a strong likelihood that she will prevail on the merits. Moreover, to the extent that Plaintiff alleges that Ditech lacks standing to foreclose because it is not the owner of the Note, Nevada law is clear that a deed of trust beneficiary has standing to foreclose under these circumstances. *See e.g., Montierth v. Deutsche Bank*, 354 P.3d 648 (Nev. 2015) (Separating note and deed of trust between note holder and deed of trust beneficiary did not render either instrument void, or render note unsecured and unenforceable). The factual allegations asserted by Plaintiff do not state a claim for relief as to any cause of action. Plaintiff cannot amend to state the elements of those claims in good faith, and the Court should dismiss the Complaint with prejudice.

### VI. PLAINTIFF'S CLAIMS ARE TIME-BARRED AS TO DEFENDANTS

To the extent the Court may find any of the claims asserted against Defendants to be sufficiently pled under Rule 8(a), all of the claims are otherwise time-barred as to Defendants.

As best can be gleaned from the Complaint, Plaintiff seems to base her claims against Defendants on the following allegations. Plaintiff executed the Deed of Trust on November 6, 2008, and only now seems to assert it is an "un-perfected underlying Deed of Trust" representing "the MidFirst Bank hypothecated collateral." *See* Ex. A; Compl. ¶ 28. She also asserts that BANA created an "illegal escrow account" in 2009 and she "would not have been delinquent" but for the escrow account. Compl. ¶¶ 65, 148. Further, she alleges the assignments recorded are in some manner "fraudulent." Compl. ¶¶ 193-195.

None of Plaintiff's conclusory allegations of an unperfected Deed of Trust executed in 2008, an improper escrow account created in 2009, or 7 year-old fraudulent assignments can support her claims first filed in her Complaint on April 28, 2017.  The alleged conduct, now between 7 and 9 years old, extends beyond any possible limitations period provided by applicable law.  *See* NRS 11.190, *et seq*.  Thus, all of the Counts arguably alleged against Defendants must be dismissed, including Counts 1, 3, 6, 8, 9, 10, 11, 12, 13, and 15.

Further, the Fourth Cause of Action for an alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") is similarly time-barred.  Plaintiff admits the alleged "fraudulent assignments" which appear to be the basis of her claim have been recorded "about 7 years" as of the date of her Complaint.  Compl. ¶¶ 193-195.  A RICO claim must be brought within 4 years of the alleged conduct, and thus the clam fails.  *See Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (U.S. 1987).

Finally, Plaintiff's Fifth Cause of Action for an "FDCPA" violation is also time-barred.  A claim for an FDCPA violation must be brought within one year of the alleged conduct.  *See* 15 U.S.C. § 1692k(d).  Since all of the alleged conduct of Defendants took place well over one year prior to the filing of the Complaint, the claim fails as to Defendants.

Plaintiff simply cannot amend her Complaint to remedy these fatal defects, and accordingly, each claim should be dismissed with prejudice.[5]

…

…

…

…

…

…

…

---

[5] Plaintiff's Fourteenth Cause of Action for Temporary Restraining Order and for Injunctive Relief was previously separately briefed in response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction as to the Foreclosure, and is pending a decision of this Court.

7

## VII. CONCLUSION

The Complaint fails Rule 8(a), and also fails to state a claim upon which relief may be granted and should be dismissed under Rule 12(b)(6). Plaintiff does not dispute that she is in default on her loan obligations, she appears to concede that Fannie Mae is the owner of the Note, and documents recorded in the public record establish Ditech's right to foreclose as the record beneficiary of the Deed of Trust on behalf of Fannie Mae. Moreover, each of her claims are time-barred. As such, the Court should dismiss all of Plaintiff's causes of action with prejudice because amendment would be futile.

DATED this 14th of September, 2017.

**AKERMAN LLP**

*/s/ Jesse A. Ransom, Esq.*
DARREN T. BRENNER, ESQ
Nevada Bar No. 8386
JESSE A. RANSOM, ESQ.
Nevada Bar No. 13565
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Defendants Attorneys for Bank of America, N.A., Countrywide Servicing Corp, Bank of America Corporation, BAC Home Loans Servicing, Recontrust Company N.A., Fannie Mae, Fannie Mae as Trustee for Securitized Trust, Fannie Mae Remic Pass-Through Certificates 2006-123 Trust*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of September, 2017, and pursuant to FRCP 5, I served via the CM/ECF electronic filing system and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **DEFENDANTS BANK OF AMERICA, N.A., COUNTRYWIDE SERVICING CORP, BANK OF AMERICA CORPORATION, BAC HOME LOANS SERVICING, RECONTRUST COMPANY N.A.; FANNIE MAE, FANNIE MAE AS TRUSTEE FOR SECURITIZED TRUST, FANNIE MAE REMIC PASS-THROUGH CERTIFICATES 2006-123 TRUST'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** postage prepaid and addressed to:

Victoria Giampa
1848 Wellington Court
Henderson, NV 89014
superjanedoe@yahoo.com

*Plaintiff Pro se*

/s/ *Allen G. Stephens*
An employee of AKERMAN LLP

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572