UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VICTORIA GIAMPA,

                Plaintiff,

v.

MIDFIRST BANK, *et al.*,

                Defendants.

Case No. 2:17-cv-01208-MMD-CWH

ORDER

## I. SUMMARY

Pending before the Court are the following motions: Plaintiff Victoria Giampa's Emergency Ex Parte Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief Prohibiting Defendants from Non-Judicial Foreclosure and Trustee's Sale of Plaintiff's Residence Scheduled for September 1, 2017 (ECF No. 11);[1] Defendants Bank of America, N.A., Countrywide Servicing Corp, Bank of America Corporation, BAC Home Loans Servicing, Recontrust Company N.A., Fannie Mae, Fannie Mae as Trustee for Securitized Trust, Fannie Mae REMIC Pass-Through Certificates 2006-123 Trust's (collectively, "BANA Defendants") Motion to Dismiss Plaintiff's Complaint ("BANA Defendants' MTD")[2] (ECF No. 45); Plaintiff's Application for Entry of Default Against Defendant National Default Servicing (ECF No. 49); and Defendants Green Tree Servicing LLC, Ditech Financial LLC, and Mortgage Electronic Registration System's Motion to Dismiss ("MERS Defendants' MTD") (ECF No. 62).

---

[1] Plaintiff inadvertently filed this document twice. (ECF No. 12.)

[2] MidFirst Bank filed a joinder to BANA Defendants' MTD. (ECF No. 54.)

For the reasons discussed below, BANA Defendants' MTD and MERS Defendants' MTD are granted. Therefore, all other pending motions are denied as moot.

## II.    BACKGROUND

Plaintiff Victoria Giampa commenced this action on April 28, 2017, against a variety of Defendants including MidFirst Bank, Fannie Mae, Fannie Mae as Trustee for Securitized Trust, Fannie Mae Remic Pass-Through Certificates 2006-123 trust,[3] Countrywide Servicing Corp, Bank of America Corporation, Bank of America NA, BAC Home Loans Servicing, Reconstruct Company NA, Green Tree Servicing LLC, Ditech Financial LLC, Mortgage Electronic Registration System, and National Default Servicing Corporation. The following facts are taken primarily from the complaint. (ECF No. 1.)

Plaintiff took out a mortgage loan with MidFirst Bank ("MidFirst") in November 2006 in the amount of $358,500 to purchase real property located at 1848 Wellington Court, Henderson, Nevada ("the Property). (ECF No. 1-1 at 57.) The Loan was secured by a deed of trust ("DOT") on the Property. Plaintiff challenges a variety of assignments of the DOT that began as far back as 2007. She also alleges that back in 2009 and 2010, Bank of America asked if she was interested in a loan modification through the federal Home Affordable Modification Program but that Defendant never followed through with its offer.

Plaintiff brings fifteen claims: (1) Defendants' lack of standing and statutorily defective foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (5) violations of the Fair Debt Collection Practices Act ("FDCPA"); (6) unconscionable contract against Defendant MidFirst; (7) breach of contract against Defendant MidFirst; (8) breach of fiduciary duty against Defendant MidFirst; (9) violations of the Nevada Deceptive Trade Practices Act ("NDTPA") against Defendant Bank of America; (10)

///

---

[3]The Court refers to Fannie Mae, Fannie Mae as Trustee for Securitized Trust, and Fannie Mae Remic Pass-Through Certificates 2006-123 as "Fannie Mae."

falsification; (11) civil conspiracy; (12) quiet title; (13) slander of title; (14) temporary restraining order and injunctive relief; and (15) declaratory relief. (ECF No. 1 at 39-72.)

## III. MOTIONS TO DISMISS

### A. Legal Standard

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal

quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

A motion to dismiss "grounded in fraud under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (internal quotation marks omitted). "Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." *Id.*

The Supreme Court has held that documents filed pro se must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. Thus, a pro se complaint can only be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) (internal quotation marks omitted).

**B.    Discussion**

Both BANA Defendants and MERS Defendants move to dismiss the complaint on the basis that it violates Rules 8 and 9, and fails to state a claim upon which relief may be granted. (ECF No. 45 at 5-7; ECF No. 62 at 1-2.) BANA Defendants also argue that the claims in the complaint arise from events that transpired 8 to 10 years ago, making Plaintiff's claims time-barred. MidFirst joined in this argument as well as the prior contention raised by both sets of Defendants. (ECF No. 54 at 1-3.) The Court finds that the primary legal theories advanced by Plaintiff are not cognizable, and on that

4

reason as well as the others outlined below finds that the complaint fails to state claims upon which relief may be granted.

### i. Lack of Standing to Foreclose/Statutorily Defective Foreclosure[4]

Plaintiff brings her first claim against all Defendants, alleging that Defendants do not have standing to foreclose upon the Property as "each of them[] have failed to perfect any security interest in the [ ] Property." (ECF No. 1 at ¶ 146.) Plaintiff also alleges that MERS cannot be a real party in interest in a securitized mortgage. (ECF No. 1 at 42.) The Court construes this as an attempt by Plaintiff to advance a theory of improper securitization or assignment in order to attack particular Defendants' standing to foreclose upon the Property and to make an attempt to argue that MERS is a "sham beneficiary" (*see* ECF No. 1 at ¶ 160 (referring to MERS as a "nominee beneficiary" who lacks authority to foreclose upon a DOT or to transfer an interest in the Note)).

Neither theories have any merit. To begin, "[t]he securitization argument has been repeatedly rejected by this district because it does not alter or change the legal beneficiary's standing to enforce the deed of trust." *Beebe v. Fed. Nat. Mortg. Ass'n*, No. 2:13-cv-311-JCM-GWF, 2013 WL 3109787, at *2 (D. Nev. June 18, 2013). Moreover, a homeowner lacks standing to challenge the validity of a loan assignment. *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014). Finally, the Ninth Circuit has resoundingly rejected the argument "that all transfers of the interests in the home loans within the MERS system are invalid because the designation of MERS as a beneficiary is a sham and the system splits the deed from the note,[5] and, thus, no party is in a

---

[4]The tort of wrongful foreclosure may be brought only where a foreclosure actually occurs, *see Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983), and the complaint does not allege that a foreclosure has, in fact, transpired.

[5]Nevada law permits deeds of trust and promissory notes to be severed from one another and independently transferred without impairing the ultimate right to foreclose. *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 258-60 (Nev. 2012). Rather, in order to foreclose upon a deed of trust, the party seeking foreclosure must demonstrate at the time of foreclosure that it is both "the current beneficiary of the deed of trust and the current holder of the promissory note," *id.* at 255, or that it is the named beneficiary of the deed of trust acting as agent for the note holder, *see In re Montierth v. Deutsche Bank*, 354 P.3d 648, 651 (Nev. 2015). Moreover, the venue to challenge a failure of the foreclosing entity to join the note and deed of trust at the time of foreclosure or to
*(fn. cont…)*

position to foreclose." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). "Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiff[ ] defaulted on [her] loan[]." *Id.* Moreover, as in *Cervantes*, here, MERS did not initiate the foreclosure process nor does it appear to be asserting a claim to the Property.

Plaintiff's first claim is therefore dismissed with prejudice as to all Defendants.

### ii. Fraud in the Concealment & Fraud in the Inducement

Both Plaintiff's second and third claims are for fraud in the concealment and fraud in the inducement. Her second claim is alleged against only MidFirst and appears to pertain to MidFirst's purported concealment of their status as a non-Federal Reserve Depository Bank and the securitization of the DOT. (ECF No. 1 at ¶ 167.) By contrast, her third claim is against all Defendants and alleges that Defendants misrepresented that they are the holder of the note and beneficiary of the deed of trust or, in other words, that they do not have authority to foreclose on the Property. (*See id.* at ¶ 178.) The Court finds that both claims fail to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) and that they also fail to state a plausible claim for relief.

In order to meet the heightened pleading requirements of Rule 9(b), allegations of fraud must be specific enough to put a defendant on notice of the particular misconduct she is alleged to have committed so that she may properly defend herself. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 6237 (9th Cir. 1997)).

///

///

---

*(…fn. cont.)*
demonstrate it is in an agency relationship with the holder of the note is generally through Nevada's foreclosure mediation program. *See, e.g., Bergenfield v. Bank of America*, 302 P.3d 1141 (Nev. 2013).

Under Nevada law, fraud in the inducement[6] occurs when a party intentionally and knowingly makes a false representation to a plaintiff who in turn justifiably relies upon that false statement to her detriment. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004).

On her second claim, because Plaintiff has failed to allege when and where MidFirst made these misrepresentations or how such misrepresentations amount to fraud, Plaintiff has failed to meet the requirements of Rule 9(b). Moreover, Plaintiff does not allege that MidFirst made any false statements to her or that it had an affirmative duty to disclose the two purported misrepresentations. Finally, this claim is time barred.[7] *See* NRS § 11.190(3)(d) (stating that an action for fraud generally must be brought within 3 years of discovery of the facts constituting the fraud). Accordingly, the Court dismisses this claim with prejudice as amendment would be futile.

As to Plaintiff's third claim, the Court has already stated that Plaintiff does not have standing to challenge any of Defendants' standing to foreclose based upon contentions that they do not have proper assignment of the promissory note or DOT. The Court thus dismisses the third claim with prejudice as to all Defendants.

### iii. Racketeer Influenced and Corrupt Organizations Act

In Plaintiff's fourth claim brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), she contends that Defendants worked with particular individuals to unlawfully execute or cause to be recorded fraudulent assignments in order to obtain illegal title to her home through an illegitimate foreclosure. (ECF No. 1 at

///

---

[6]Plaintiff's fraud in the concealment claim appears to ultimately be a claim for fraud in the inducement. Moreover, the Nevada Supreme Court has never recognized an independent claim for relief for fraud in the concealment. *See Olson v. Iacometti*, 533 P.2d 1360, 1364 (Nev. 1975) (stating that fraud in the concealment is a legal theory).

[7]In Plaintiff's response to BANA Defendants' Motion, she mentions that Fannie Mae's violation of the Truth in Lending Act tolled the statute of limitations for her claim (although it is unclear which claims she is referring to). (ECF No. 58 at 6.) However, the complaint does not include a claim under the Truth in Lending Act, making her argument irrelevant.

¶¶ 192, 198.) Because Plaintiff does not have standing to challenge improper assignment of the promissory note or DOT, this claim is dismissed with prejudice.

### iv. Fair Debt Collection Practices Act

In Plaintiff's fifth claim brought under the Fair Debt Collection Practices Act ("FDCPA"), she contends that "Defendants' actions of filing and maintaining an illegitimate foreclosure action upon her with the use of false statements and evidence constitute a false, deceptive, and/or misleading practice in an attempt to collect a debt." (ECF No. 1 at ¶ 227.) This claim appears to stem from Plaintiff's allegations that none of Defendants have standing to foreclose upon her home because of improper assignment of the DOT, making any statements regarding Defendants' authority to foreclose false. Because Plaintiff does not have standing to challenge the improper assignment of the promissory note or DOT, this claim is dismissed with prejudice.

### v. Unconscionable Contract

The Court has difficulty parsing Plaintiff's sixth claim for relief, which appears to be a claim of "unconscionable contract" against MidFirst. (*See* ECF No. 1 at 58.) The Court finds that Plaintiff fails to state a claim for relief and that amendment would be futile as this claim is time barred.

"A contract is unconscionable only when the clauses of the contract and the circumstances existing at the time of the execution of it are so one-sided as to oppress or unfairly surprise an innocent party." *Bill Stremmel Motors, Inc. v. IDS Leasing Corp.*, 514 P.2d 654, 657 (Nev. 1973). Under Nevada law, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or contractual clause. *See D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004). While substantive unconscionability focuses on the one-sidedness of the contract's terms, procedural unconscionability involves the use of fine print or complicated, incomplete, or misleading language that fails to inform a reasonable person of the contractual language's consequences. *Id.* at 1162-63. The
///

time in which to bring a claim for unconscionability of contract is six years. NRS § 11.190(1)(b).

Plaintiff makes several statements regarding the actions of MidFirst. First, she states that "MidFirst Bank presented in the origination of the purported loan that specific criteria such as FICO score and other industry standard underwriting requirements must be met to qualify for a loan of money for the subject from MidFirst Bank." (ECF No. 1 at ¶ 233.) Second, she states that MidFirst "presented in the origination of the purported loan that a preliminary signature on the Mortgage loan contract was required to 'lock in' an interest rate regarding the terms of the purported loan." (*Id.* at ¶ 234.) Third, she states that MidFirst "failed to clarify in the terms of the Mortgage loan contract that MidFirst Bank, the Originator on the contract, was in fact acting solely in the capacity as an Accommodated Party account debtor beneficiary for a purported loan of money" and "concealed they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit." (*Id.* at ¶ 235.)[8] The Court is unable to decipher the meaning of Plaintiff's third statement, but from the first two statements the Court gathers that Plaintiff is attempting to allege that the terms of her original contract with MidFirst in 2006 did not adequately inform her of the contractual language's consequences. However, the complaint itself fails to make this clear, as Plaintiff fails to point to specific provisions in her original contract with MidFirst nor does she state that her subsequent interest rates surprised her or that MidFirst induced her to enter into a mortgage she could not actually afford based upon her FICO score or a failure of MidFirst to follow proper underwriting standards. Therefore, Plaintiff fails to allege sufficient facts to establish a claim for unconscionable contract against Giampa.

///

---

[8] Plaintiff also makes a statement relating to modification of her loan terms (*see* ECF No. 1 at ¶ 236), but MidFirst was not involved with any attempt to modify her loan, which occurred in 2011.

9

Moreover, Plaintiff's home loan payments were accelerated beginning in 2009 and the loan entered into an initial state of foreclosure as far back as December 2010 (ECF No. 1 at ¶¶ 67-85), ostensibly putting her on inquiry notice of any unconscionability of her original contract's terms. Based on these facts, the claim is also time-barred.

This claim is therefore dismissed with prejudice.

### vi. Breach of Contract

In Plaintiff's seventh claim, she alleges that Defendants MidFirst and MERS failed to properly "satisfy, release and reconvey the beneficiary security interest in Plaintiff's [DOT]" in violation of Paragraph 23 in the DOT. (ECF No. 1 at ¶¶ 240-242; *see also* ECF No. 1-1 at 73 (Exh. 6).) However, a deed of trust is not a contract between a borrower and lender; rather, it is a document conveying an interest in real property as security for performance of an obligation under a contract. *See* RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 1.1 (AM. LAW INST. 1997); *see also* § 1.2 cmt. a ("A mortgage is a conveyance" and "is merely security" that does not require consideration).

### vii. Breach of Fiduciary Duty

In Plaintiff's eighth claim for breach of fiduciary duty, she contends that Midfirst failed to "meet their fiduciary duty to satisfy, release and reconvey the Real Property Lien Deed of Trust" and did not act in the "best interest of the grantor of the deed of trust." (ECF No. 1 at ¶¶ 246-248.) To the extent this claim purports to state that MidFirst owed a fiduciary duty to Plaintiff to "satisfy, release and reconvey" the DOT, this claim fails as a matter of law. In Nevada, a lender in an arm's length loan transaction does not have a fiduciary relationship with a borrower. *See Eruchalu v. U.S. Bank, National Ass.*, No. 2:12-cv-01264-MMD-VCF, 2013 WL 6667702 at *9 (D. Nev. Dec. 17, 2013).

Therefore, this claim is dismissed with prejudice.

### viii. Nevada Deceptive Trade Practice Act

In Plaintiff's ninth claim for violation of §§ 598.0915 and 598.092 of the Nevada Deceptive Trade Practices Act ("NDTPA"), she contends that Bank of America violates

NDPTA by using "deceptive practices[] and/or misrepresentations in connection with Plaintiff's mortgage modification." (ECF No. 1 at ¶ 251.) Under NRS § 598.0915, a deceptive trade practice includes knowingly making a false representation in a transaction; and under NRS § 598.092(8), a deceptive trade practice includes knowingly misrepresenting the legal rights, obligations, or remedies of a party to a transaction.

This claim fails as a matter of law, as courts in this district have recognized that the NDPTA does not apply to real estate loan transactions but only to the sale of goods and services. *See Bonvicin v. Bank of America Corp.*, No. 2:14-cv-01279-GMN-VCF, 2016 WL 632211, at *4 (D. Nev. Feb. 17, 2016) (finding that the statute does not apply to deception in mortgage loan modification claims); *see also Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions.").

### ix. Falsification

In Plaintiff's tenth claim for "falsification," she contends that Defendants and other individuals "knowingly made a false statement within the Assignments" and that the statement "was made with the purpose to mislead the arbitrator in the performance of their official function within the foreclosure action." (ECF No. 1 at ¶¶ 255-256.) As MERS Defendants note in their motion, this is "not a recognizable, independent cause of action, but rather a restatement and re-characterization of [Plaintiff's] fraud, misrepresentation, RICO, and slander of title claims."[9] (ECF No. 62 at 18.)

### x. Civil Conspiracy

In Plaintiff's eleventh claim for civil conspiracy, she contends that Defendants and other individuals conspired to execute the assignments knowing that they contained false statements. (ECF No. 1 at ¶¶ 258-262.) However, as discussed previously Plaintiff

---

[9]The Court notes that in the section of the complaint for the civil conspiracy claim, Plaintiff claims that falsification is a crime and tort. (*See* ECF No. 1 at ¶ 261.) However, there is no crime or tort of "falsification" (although there is a crime and a tort for fraud).

does not have standing to challenge any improper or false assignment of the promissory note or DOT. Therefore, this claim fails as a matter of law and is dismissed with prejudice.

### xi. Quiet Title and Slander of Title

Plaintiff's twelfth and thirteenth claims for relief both allege that Defendants have no legal right or perfected security interest in the Property because "any alleged transfer or assignment of Defendants' rights or interest in the subject Real Property must be considered invalid and void" and that the recorded assignments contain false statements derogatory to Plaintiff's title in the property. (ECF No. 1 at ¶¶ 269, 285-288.) Because both of these claims are predicated on Plaintiff's theory that Defendants do not have standing to foreclose upon the Property because of improper assignment, the Court has already found that she does not have standing to make these claims.

The Court therefore dismisses these claims with prejudice.

### xii. Remaining Claims

Plaintiff's two remaining claims are for injunctive and declaratory relief. (ECF No. 1 at 70-72.) Because the claims upon which injunctive and declaratory relief are predicated have been dismissed with prejudice, the Court also dismisses these claims with prejudice.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that BANA Defendants' Motion to Dismiss (ECF No. 45) and MERS Defendants' Motion to Dismiss (ECF No. 62) are granted, and Plaintiff's complaint is dismissed with prejudice.

///

///

It is further ordered that Plaintiff's Motion for Temporary Restraining Order (ECF Nos. 11, 12) and Motion for Entry of Default against Defendant National Default Servicing (ECF No. 49) are denied as moot.

Any remaining motions are also denied as moot.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 9th day of November 2017.

                                            MIRANDA M. DU
                                            UNITED STATES DISTRICT JUDGE