UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTORIA GIAMPA,<br><br>Plaintiff,<br>v.<br><br>MIDFIRST BANK; FANNIE MAE, FANNIE MAE AS TRUSTEE FOR SECURITIZED TRUST, FANNIE MAE REMIC PASSTHROUGH CERTIFICATES 2006-123 TRUST; COUNTRYWIDE SERVICING CORP., BANK OF AMERICA CORPORATION; BANK OF AMERICA.N.A., BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A.; GREEN TREE SERVICING, LLC; DITECH FINANCIAL, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEM,("MERS"); NATIONAL DEFAULT SERVICING CORPORATION; AND DOES 1 THROUGH 100 INCLUSIVE, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-1208-MMD-CWH<br><br>ORDER |

**I.    SUMMARY**

Pending in this closed action is Defendants Green Tree Servicing LLC,[1] Ditech Financial LLC and Mortgage Electronic Registration System's ("MERS") (collectively "Judgment Defendants") motion for an award of attorneys' fees and costs alleged to have been incurred in this action ("Motion").[2] (ECF No. 69.) Plaintiff Victoria Giampa has not

///

///

---

[1]Green Tree Servicing LLC's name was changed to Ditech Financial LLC prior to the initiation of this litigation. The latter is the only company now existing. (ECF No. 69 at 1 n.1.)

[2]Parts of the Motion erroneously refers to U.S. Bank as the represented party seeking to recover attorneys' fees and costs. (ECF No, 69 at 7, 10.)

filed a response. For the reasons stated below, the Court will grant the Motion in part and deny it in part.

## II.    BACKGROUND

This action concerned the foreclosure of real property located at 1848 Wellington Court, Henderson, Nevada 89014 ("Property"). (ECF No. 1.) Plaintiff brought a total of fifteen federal and state law claims—including claims for quiet title, breach of contract, violations of Nevada statutes, civil conspiracy, fraud, and claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id.*) Plaintiff's complaint totaled 73 pages. (*Id.*)

On November 9, 2017, the Court entered its order and judgment in favor of Judgment Defendants and other named defendants on Plaintiff's claims. (ECF Nos. 67, 68.) The complaint was dismissed with prejudice in its entirety and the Court particularly found that "the primary legal theories advanced by Plaintiff are not cognizable . . . [and] that the complaint fails to state claims upon which relief may be granted."[3] (ECF No. 67 at 4–5.)

Judgment Defendants bring the Motion as prevailing parties under Fed. R. Civ. P. 54(d)(1)-(2), LR 54-14[4], 28 U.S.C. § 1927, NRS §§ 18.005, 18.010 and 18.020. (ECF No. 69 at 3, 7–8.)

## III.    DISCUSSION

Judgment Defendants contend they are entitled to attorneys' fees totaling $11,086.81 and costs in the amount of $167.04. (*See, e.g.*, ECF No. 69 at 12.)[5] In its

///
///

---

[3]Additional facts and rulings may be found in the Court's dismissal order (ECF No 67).

[4]Judgment Defendants erroneously cited LR II 54-14, instead of LR 54-14. (ECF No. 69 at 3.)

[5]Judgment Defendants appear to have included a reference to an amount of $16,041.00 in fees in error in connection to U.S. Bank who is not among Judgment Defendants in this case. (ECF No. 69 at 7.)

2

discretion, the Court will award fees in an amount to be determined and costs in the amount sought.

### A. Fees and Costs under 28 U.S.C. § 1927

Judgment Defendants indicate that fees and costs are justifiable pursuant to 28 U.S.C. § 1927. (ECF No. 69 at 3.) The Court disagrees. Section 1927 applies to situations where "[a]ny attorney . . . multiplies the proceedings in any case unreasonably and vexatiously" and requires the attorney to personally pay the excess fees and costs. *See* 28 U.S.C. § 1927. Judgment Defendants provide no evidence to support a vexatious finding. The Court therefore declines to order an award of fees and/or costs pursuant to § 1927.

### B. Award of Fees

Fed. R. Civ. P. 54(d)(2) permits a prevailing party to move for attorneys' fees by providing the statute entitling the movant to the award. "[A]bsent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) (citations omitted). Aside from § 1927 under which the Court declines to award fees, Judgment Defendants cite no federal statute authorizing fees for their federal law claims. Accordingly, to the extent the Court awards fees—as found warranted below, the award pertains only to Judgment Defendants' state law claims.[6]

"In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law . . . giving a right [to attorney's fees], which reflects a substantial policy of the state, should be followed.'" *MRO Commc'ns, Inc. v. Am. Telephone & Telegraph Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.3).

///

---

[6]"[F]ederal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine . . . and *Erie*[*R. Co. v. Tompkins*, 304 U.S. 64 (1938)] does not compel federal courts to apply state law to a federal claim." *Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) (citations omitted).

Of the state statutes Judgment Defendants rely on, NRS § 18.010 particularly applies to fees. Section 18.010(2)(b) of the Nevada Revised Statutes gives the court discretion to award attorneys' fees to a prevailing party where the claim "was brought or maintained without reasonable ground or to harass the prevailing party." NRS § 18.010(2)(b).[7] The court must determine if evidence in the record exists to support "the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 238 (Nev. 2005) (quoting *Semenza v. Caughlin Crafted Homes,* 901 P.2d 684, 687 (Nev. 1995)).

The records here compel a finding that Plaintiff's claims were brought without reasonable grounds. The law applicable to Plaintiff's claims was clear and Plaintiff's allegations were either not legally cognizable under the relevant standards or legally deficient based on the facts Plaintiff alleged. (ECF No. 67.) Plaintiff's claims were so deficient that the Court dismissed them without leave to amend and with prejudice. (*Id.*) The Court's order has been affirmed on appeal (ECF No. 73), albeit the appeal remains administratively closed as to Ditech (ECF Nos. 78, 80). Additionally, Judgment Defendants submit itemized records and affidavit supporting the requested fees based on a fixed hourly billing rate of $255. (ECF No. 69 at 3–4, 11; ECF No. 69-1 at 2–10.)

In light of the fifteen claims Plaintiff asserted, her emergency motions (ECF Nos. 11, 12 (duplicative)), and the amount of work inherent in responding and defending against such matters, the Court finds Judgment Defendants' request for attorneys' fees as to Plaintiff's state law claims is reasonable. However, because Judgment Defendants did not delineate fees particularly relating to the state law claims, the Court directs Judgment Defendants to file a reasonable itemization and description of the work performed and

///

///

---

[7] Judgment Defendants also cite to NRS § 18.010(1) as supporting their recovery of fees, however, the Court is not convinced the provision is applicable as against another party. *See* NRS § 18.010(1) ("The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.") In any event, the Court finds Judgment Defendants' general recovery of fees is adequately supported.

4

associated costs for defending against Plaintiff's state law claims in accordance with LR 54-14.

### C. Award of Costs

Under Fed. R. Civ. P. 54(d)(1) costs are available to a prevailing party, unless a federal statute, rule, or court order provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). The Court may also award costs under section 18.020 of the Nevada Revised Statutes. *See* NRS § 18.020; *Village Builders 96 v. U.S. Labs*, 112 P.3d 1082, 1092 (Nev. 2005) (explaining that a "court's decision regarding an award of costs will not be overturned absent a finding that the district court abused its discretion"). Under NRS § 18.020, "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered . . . [i]n an action for the recovery of real property a possessory right thereto" and "[i]n an action which involves the title or boundaries of real estate, or the legality of any tax, impost, assessment, toll or municipal fine, including the costs accrued in the action if originally commenced in a Justice Court." NRS § 18.020(1),(5). Section 18.005 of the statutes sets forth the categories and types of costs that the prevailing party may recover, including the catch-all of "[a]ny other reasonable and necessary expense incurred in connection with the action . . ..". *See* NRS § 18.005(1)–(17). Costs must be "actual and reasonable, rather than a reasonable estimate or calculation of such costs . . .." *Bobby Berosini, Ltd. v. PETA*, 971 P.2d 383,385–86 (Nev. 1998) (internal quotations and citation omitted).

Judgment Defendants' affidavit and records support that permissible, actual, and reasonable costs were expended in this litigation in the amount of $167.04. (ECF No. 69 at 3–4; ECF No. 69-1 at 12.) The Court will therefore grant costs in that amount.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants Green Tree Servicing LLC, Ditech Financial LLC and Mortgage Electronic Registration System's motion for an award of attorneys' fees and costs (ECF No. 69) is granted in part and denied in part pursuant to Fed. R. Civ. P. 54(d)(1),(2) and NRS §§ 18.010(2)(b), 18.020 and 18.005 as follows:

(1) Judgment Defendants' motion is denied as to their request for fees relating to the federal claims and is granted with respect to the state law claims—but in an amount to be determined. Within 10 days of this order, Judgment Defendants must file a reasonable itemization and description of the work performed and associated costs for defending against Plaintiff's state law claims in accordance with LR 54-14. At that time, the Court will enter the amount of fees to which Judgment Defendants are entitled.

(2) Judgment Defendants are awarded their costs in the amount of $167.04.

DATED THIS 18th day of June 2019.

                                        MIRANDA M. DU
                                        UNITED STATES DISTRICT JUDGE